**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KENNETH H. RICHARDSON,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | 3:08-CV-209-L |
| | ) | ECF |
| **FEDERAL FOOD & DRUG** | ) | |
| **ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff has filed an unspecified action. He is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*. Defendant is the Federal Food and Drug Administration. Service has not been issued.

**Factual background:**

Plaintiff alleges Defendant is violating his freedom of speech. He states that if he informs people that he has a natural non-drug cure for cancer and AIDS, the FDA will put him in jail for practicing medicine without a license. He also claims the FDA is committing fraud and gross negligence by not informing the public about non-drug health cures. Additionally, he states the FDA has formed a conspiracy with pharmaceutical companies to kill people.

**Screening:**

The terms of 28 U.S.C. § 1915(e)(2)(B)(I) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim may be deemed to lack an arguable basis in fact if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**Discussion:**

Plaintiff asserts claims of fraud, gross negligence, and violations of his First Amendment rights. He invokes the Federal Food, Drug and Cosmetic Act ("FFDCA), 21 U.S.C. §§ 332 through 334, as the basis for this action. He also alleges the Court has diversity jurisdiction over his claims.

Plaintiff fails to demonstrate a basis for jurisdiction in this case. The FFDCA does not provide a private right of action. *See* 21 U.S.C. § 337 (providing that all proceedings for enforcement or restraining violations of the FFDCA shall be brought by the United States or an individual state).

Additionally, the United States cannot be sued without its consent. Plaintiff has the burden of showing a valid waiver of sovereign immunity. *See Lewis v. Hunt*, 492 F.3d 565, 570

(5th Cir. 2007). The courts do not imply a waiver of immunity; instead the waiver "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Although Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332, that statute does not provide a waiver of sovereign immunity.

Finally, although Plaintiff states that Defendant violated his right to free speech, he cannot raise a claim for constitutional violations under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* has not been extended to federal agencies. *See Wilkie v. Robbins*, ___ U.S. ___, 127 S.Ct. 2588 (2007); *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (2007). Plaintiff's complaint should be dismissed.[1]

## RECOMMENDATION:

The Court recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

Signed this 9th day of September, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Although Plaintiff has not invoked the Federal Tort Claims Act ("FTCA"), the Court notes that a plaintiff must exhaust his administrative remedies prior to filing suit under the FTCA. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Plaintiff has not exhausted his administrative remedies. *See* Magistrate Judge's Questionnaire, Answers No. 12 and 13 in *Richardson v. Proctor and Gamble, et al.*, 3:07-CV-2038-K (N.D. Tex.).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).